Magistrate Judge Brian A. Tsuchida

_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

OCT 08 2010

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. MJ10-421 |
| Plaintiff, | COMPLAINT for VIOLATION |
| v. | Title 31, United States Code, Section 5324 |
| DELBERT LEE WHETSTONE, | |
| Defendant. | |

BEFORE Brian A. Tsuchida, United States Magistrate Judge, Seattle, Washington.

The undersigned complainant being duly sworn states:

## COUNT ONE
(Structuring Transactions to Avoid Reporting Requirements)

Between on or about August 2, 2010 and August 30, 2010, in Snohomish County, within the Western District of Washington, DELBERT LEE WHETSTONE did knowingly and for the purpose of evading the reporting requirements of Title 31, United States Code, Sections 5313(a) and 5325, and the regulations promulgated thereunder, structure and assist in structuring, attempt to structure and assist in structuring, and did aid, abet, counsel and procure the structuring of transactions with the credit union BECU, a domestic financial institution.

All in violation of Title 31, United States Code, Section 5324(a)(3).

//

COMPLAINT/ - 1
Case No.

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

And the complainant states that this Complaint is based on the following information:

I, Thomas B. Clemen, being first duly sworn on oath, depose and say:

1. I am a Special Agent of the Drug Enforcement Administration (DEA) and have been so employed since December, 2008.

2. I have been involved in an investigation concerning the medical practice of Delbert Lee Whetstone, D.O. The information in this affidavit is based both on my personal knowledge as well as information I obtained from other law enforcement officers and witnesses.

3. Based on my training, experience, and participation in financial investigations involving the concealment of funds and assets from the detection of the Internal Revenue Service (IRS) or other federal entities, I know that individuals involved in criminal activities frequently generate large amounts of cash from their criminal activities. One common method used to avoid the detection of both legal and illegal income is "structuring." All single cash transactions with banks and other financial institutions in excess of $10,000 must be reported to the government on a Currency Transaction Report ("CTR"). Structuring involves the repeated depositing or withdrawing of amounts of cash not exceeding the $10,000 limit, or the splitting of a cash transaction that exceeds $10,000 into smaller cash transactions in an effort to avoid the reporting requirements. Even if the deposited and/or withdrawn funds are derived from legitimate means, financial transactions conducted in this manner are still in violation of federal criminal law.

4. On 10/5/2010, a Federal Search Warrant was served at 9629 Evergreen Way, Suite 102, Everett, WA. This is the known business address of Delbert Lee WHETSTONE, DO (Dr. WHETSTONE). During the service of the warrant a Statement of Accounts from Boeing Employees Credit Union (BECU) was found. The statement was found in Dr. WHETSTONE's office. This statement was for BECU account number #3584995929. This account is a Business Basic Checking account and is in the name of

COMPLAINT/ - 2
Case No.

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  Doctors Osteopathic Care, 9629 Evergreen Way, Suite 102, Everett, WA 98204. The
2  account statement indicated the account balance on 8/31/2010 was $447,697.89. The
3  account statement further stated that from 8/1/2010 to 8/31/2010 there was $114,935.80
4  deposited into the account with no withdrawals. The deposits were as follows:
5  //
6  //

COMPLAINT/ - 3
Case No.

| DATE OF DEPOSIT | AMOUNT DEPOSITED | TOTAL FOR DAY |
|---|---|---|
| 8/2 | 1,249.00 | $1,249.00 |
| 8/5 | 3,547.00 | |
| 8/5 | 5,180.00 | $8727.00 |
| 8/10 | 4,182.00 | |
| 8/10 | 1,050.00 | |
| 8/10 | 3,609.00 | $8,841.00 |
| 8/11 | 3,395.00 | |
| 8/11 | 2,575.00 | |
| 8/11 | 3,415.00 | $9,385.00 |
| 8/12 | 4,580.00 | |
| 8/12 | 4,512.00 | $9092.00 |
| 8/13 | 3,430.00 | |
| 8/13 | 5,489.00 | $8919.00 |
| 8/17 | 4,190.00 | |
| 8/17 | 1,330.00 | $5,520.00 |
| 8/18 | 3,748.00 | $3,748.00 |
| 8/19 | 2,870.00 | $2,870.00 |
| 8/20 | 2,680.00 | $2,680.00 |
| 8/23 | 4,060.00 | |
| 8/23 | 4,030.00 | $8,090.00 |
| 8/24 | 3,621.00 | |
| 8/24 | 4,282.00 | $7,903.00 |
| 8/25 | 2,623.00 | |
| 8/25 | 3,890.15 | |
| 8/25 | 3,265.00 | 9,778.15 |
| 8/26 | 3,385.00 | |
| 8/26 | 2,207.50 | |
| 8/26 | 2,695.00 | $8,287.50 |
| 8/27 | 3,715.00 | |
| 8/27 | 3,406.00 | |
| 8/27 | 1,147.00 | |
| 8/27 | 803.00 | |
| 8/27 | 815.00 | 9,886.00 |
| 8/30 | 3,105.00 | |
| 8/30 | 3,299.00 | |
| 8/30 | 2,970.15 | |
| 8/30 | 586.00 | 9,960.15 |

    5.    The deposits referenced above represent a pattern of structured deposits often used by drug traffickers in an effort to avoid generating Currency Transaction
COMPLAINT/ - 4
Case No.

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Reports (CTRs), thereby potentially hiding funds from the IRS and law enforcement. Further, the referenced account is a checking account.

6. Also, found in the office of Dr. WHETSTONE during the execution of the warrant was a large amount of United States currency (currency). The currency was located in a locked filing cabinet in the bottom drawer. Inside the drawer were multiple white envelopes. Most of the envelopes had hand-written or stamped dates on them as well as hand-written dollar amounts. Located inside the envelopes was most of the currency. Some of the currency was not in the envelopes but sitting in the drawer loosely. The currency was not counted on site, but was placed in a DEA Self Sealing Evidence Envelope and handled according to DEA policy. However before the evidence was sealed, the amounts written on each of the envelopes were added together indicating a total of approximately $46,784.00 United States currency. This currency was seized by DEA.

7. On 10/6/2010, I telephonically contacted a former employee as witnessed by Diversion Investigator Sue Zennan. The former employee told me that he/she was laid off from Doctors Osteopathic Care (Dr. WHETSTONE's office) in mid- August of 2010. He/she stated that Dr. WHETSTONE told him/her that he had eliminated many of his patients as they were abusing the medications they were prescribed. The former employee stated that Dr. WHETSTONE told him/her that due to the loss of patients, there was no longer enough revenue to support his/her position. The former employee stated that he/she was hired as an administrative/office worker.

8. The former employee stated that one of his/her duties at Dr. WHETSTONE's was to deposit the money generated by Dr. WHETSTONE's practice. The former employee stated that all of the cash generated was deposited into a Boeing Employees Credit Union (BECU) account. All insurance payments and Labor and Industries payments were deposited into a Chase Bank account. The former employee stated that both accounts were business accounts and were both listed under "Doctors Osteopathic Care."

COMPLAINT/ - 5
Case No.

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

9.     The former employee stated that he/she was instructed by Dr. WHETSTONE to deposit each day's, or half day's, worth of revenue separately as to generate a separate deposit receipt for record keeping purposes. The former employee stated that the clinic could typically take in approximately $5000.00 per full business day. He/she stated that Dr. WHETSTONE specifically instructed him/her to keep the total deposits made on a given day under $10,000.00. Newman stated that WHETSTONE told him/her to keep these deposits under $10,000.00 "…because he didn't want to deal with being audited."

10.    The former employee stated that Dr. WHETSTONE would count the cash, place it in an envelope, hand-write the amount of cash on the envelope and the former employee would proceed to the bank to make the deposit. The former employee stated that he/she would always be accompanied to the bank by another DOC employee. The former employee stated that after the deposits were made, he/she returned the deposit receipts to Dr. WHETSTONE who subsequently filed them away in a filing cabinet in his office at 9629 Evergreen Way, Suite 102, Everett, WA.

11.    The former employee stated that on several occasions during the summer of 2010, Dr. WHETSTONE gave him/her to deposit several envelopes which were stamped with February and March of 2010 dates. The former employee stated that cash amounts were hand-written on the envelope. The former employee stated that he/she deposited the cash in these envelopes in the BECU account in the same manner as described above. The former employee stated that even though Dr. WHETSTONE's practice was in a scary location, that he/she really liked him and the rest of the staff as they were all very nice to her. The former employee did not indicate any hostile feelings towards any of the DOC personnel.

12.    On October 7, 2010, I learned that Dr. WHETSTONE had drawn out all of the money in the BECU checking account except for $100. He withdrew the money at a branch in Everett in the form of a guaranteed bank check made payable to his wife in the amount of $457,119.89. I do not know what he has done with that check.

COMPLAINT/ - 6
Case No.

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1   13.   Based on the above facts, I respectfully submit that there is probable cause
2   to believe that DELBERT LEE WHETSTONE did knowingly and for the purpose of
3   evading the reporting requirements of Title 31, United States Code, Sections 5313(a) and
4   5325, and the regulations promulgated thereunder, structure and assist in structuring,
5   attempt to structure and assist in structuring, and did aid, abet, counsel and procure the
6   structuring of transactions with the credit union BECU, a domestic financial institution,
7   all in violation of Title 31, United States Code, Section 5324(a)(3).

THOMAS B. CLEMEN
Special Agent
Drug Enforcement Administration

Based on the Complaint and Affidavit sworn to before me, and subscribed in my presence, the Court hereby finds that there is probable cause to believe the Defendant committed the offense set forth in the Complaint.

Dated this __7__ day of October, 2010.

BRIAN A. TSUCHIDA
United States Magistrate Judge

COMPLAINT/ - 7
Case No.

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970