Hon. Robert S. Lasnik

10-CR-00385-EXH

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DELBERT LEE WHETSTONE,<br><br>Defendant. | No. CR 10-385 RSL<br><br>**PLEA AGREEMENT** |

The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Mark Parrent and Richard E. Cohen, Assistant United States Attorneys for said District, Defendant, Delbert Lee Whetstone, and his attorney, Peter K. Mair, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c):

1. **Waiver of Indictment.** Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charge brought by the United States Attorney in an Information.

2. **The Charges.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters his plea of guilty to the following charges contained in the Indictment and Information:

PLEA AGREEMENT/WHETSTONE
Case No. CR 10-385 RSL - 1

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

a. Structuring Transactions to Avoid Reporting Requirements, as charged in Count 1 of the Indictment, in violation of Title 31, United States Code, Section 5324(a)(3) and Title 18, United States Code, Section 2, and

b. Distribution of a Controlled Substance, as charged in Count 1 of the Information, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C).

By entering these pleas of guilty, Defendant hereby waives all objections to the form of the charging documents. Defendant further understands that before entering his pleas of guilty, he will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

**3. Elements of the Offenses.**

a. The elements of the offense of Structuring Transactions to Avoid Reporting Requirements, as charged in Count 1, in violation of Title 31, United States Code, Section 5324(a)(3), are as follows:

First, that the defendant had knowledge of the currency transaction reporting requirements;

Second, that the defendant knowingly and willfully caused the structuring of a currency transaction;

Third, that the purpose of the structured transaction was to evade the currency transaction reporting requirements; and

Fourth, that the structured transactions involved one or more domestic financial institutions.

b. The elements of the offense of Distribution of a Controlled Substance, as charged in Count 1 of the Information, in violation of Title 21, United States Code, Section 841(a)(1), are as follows:

First, the defendant knowingly and intentionally prescribed a controlled substance; and

Second, the prescription was outside the scope of professional practice and not for a legitimate medical purpose.

PLEA AGREEMENT/WHETSTONE
Case No. CR 10-385 RSL - 2

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

4. **The Penalties.** Defendant understands that the statutory penalties for the offenses charged are as follows:

    a. <u>Count 1 of the Indictment</u> (Structuring Transactions to Avoid Reporting Requirements): Imprisonment for up to five years, a fine of up to $250,000, a period of supervision following release from prison of up to three years, and a special assessment of $100. If Defendant receives a sentence of probation, the probationary period could be up to five years. Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

    b. <u>Count 1 of the Information</u> (Distribution of a Controlled Substance): Imprisonment for up to 20 years, a fine of up to $1 million, a period of supervision following release from prison of at least three years, and a special assessment of $100. If Defendant receives a sentence of probation, the probationary period could be up to five years. Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictions and requirements. Defendant further understands that if supervised release is imposed and he violates one or more of its conditions, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant's serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant further understands that a consequence of pleading guilty may include the forfeiture of certain property either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

5. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, he knowingly and voluntarily waives the following rights:

    a. The right to plead not guilty and to persist in a plea of not guilty;

PLEA AGREEMENT/WHETSTONE
Case No. CR 10-385 RSL - 3

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

      b.     The right to a speedy and public trial before a jury of his peers;

      c.     The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for him;

      d.     The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

      e.     The right to confront and cross-examine witnesses against Defendant at trial;

      f.     The right to compel or subpoena witnesses to appear on his behalf at trial;

      g.     The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

      h.     The right to appeal a finding of guilt or any pretrial rulings.

6.    **United States Sentencing Guidelines.** Defendant understands and acknowledges that, at sentencing, the Court must consider the sentencing range calculated under the United States Sentencing Guidelines, together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

      a.     The Court will determine his applicable Sentencing Guidelines range at the time of sentencing;

PLEA AGREEMENT/WHETSTONE
Case No. CR 10-385 RSL - 4

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7. **Sentencing Factors** -- The parties make no agreement as to the applicable Sentencing Guidelines calculations in this case and each party is free to present its proposed calculations to the Court, which will make the final determination as to the applicable Sentencing Guidelines range. The government agrees that it will recommend a sentence of no more than 36 months imprisonment. Defendant agrees that he will recommend a sentence of no less than 18 months imprisonment. The government's ultimate sentencing recommendation, capped by the 36 month limit, will depend upon all of the factors of 18 U.S.C. § 3553 described above, including any lack of significant criminal history as well as the extent and nature of the defendant's acceptance of responsibility. Defendant understands, however, that at the time of sentencing, the Court is free to reject any recommendations.

8. **Safety Valve Eligibility** -- If, at the time of sentencing, the United States is satisfied Defendant has the requirements of the "safety valve" adjustment met each of these five requirements, the United States will recommend a two-level reduction under U.S.S.G. §§ 2D1.1(b)(16) and 5C1.2. Those provisions in general require: (1) Defendant does not have more than one (1) criminal history point; (2) Defendant did not use violence or threats of violence or possess a firearm or other dangerous weapon in connection with the offense; (3) the offense to which Defendant is pleading guilty did not result in death or serious bodily injury; (4) Defendant was not an organizer, leader, manager, or supervisor in the offense as determined by the Sentencing Guidelines, nor was Defendant engaged in a continuing criminal enterprise; and

(5) not later than the time of sentencing, Defendant has truthfully provided to the government all information and evidence Defendant has concerning the offense to which Defendant is pleading guilty or concerning offenses that were part of that common scheme or plan. Defendant understands, however, that the Court will ultimately decide whether Defendant qualifies for any sentencing adjustment that comports with the safety valve provisions. Defendant also understands that whether he qualifies for any sentencing adjustment pursuant to the safety valve provisions will not effect the sentencing recommendations of the parties as set forth in paragraph 7.

9. **Drug Offenses.** Defendant understands that by pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits under Title 21, United States Code, Section 862a.

10. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

11. **Forfeiture.**

   a. Defendant agrees to forfeit to the United States immediately all of Defendant's right, title, and interest in funds totaling $457,119.89 seized from BECU Account #3584995929 that is the subject of a forfeiture allegation in the original Indictment in this case pursuant to 31 U.S.C. § 5317.

   b. Defendant also agrees to immediately abandon all right, title and interest in additional funds totaling $406,654.73, more or less, specified in Paragraph 11(b)(i) and (ii) below and to withdraw his claim to these funds in settlement of the civil forfeiture case *United States v. $37,582.23 et al.*, No. C11-0381 RSM pursuant to a stipulation to be filed in that case simultaneously with the filing of this Plea Agreement that will provide that the funds will be forwarded to the Internal Revenue Service, Department of the Treasury in satisfaction of Defendant's federal tax obligations pursuant to the terms described in Paragraph 11(c) below.

       i. $369,072.50, more or less, seized from a safe deposit box, and

       ii. $37,582.23, more or less, seized from the DOC business premises.

PLEA AGREEMENT/WHETSTONE
Case No. CR 10-385 RSL - 6

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

c. Defendant and the United States shall shall execute Closing Agreements that cover all matters relating to Defendant's federal tax liability for the calendar years 2006 through and including 2010. There will be no additional federal tax liability to Defendant as set forth in said Closing Agreements, except that these Closing Agreements will be null and void if any of the tax returns or financial statements submitted to the United States by the Defendant are false. These Closing Agreements for the tax years 2006 through 2010 do not alter the Defendant's tax obligations pursuant to assessments for the tax years prior to 2006.

12. **Statement of Facts.** The parties agree on the following facts. Defendant admits he is guilty of the charged offense.

In August, 2010, the defendant operated his own private practice as a physician. In that capacity, he directed staff members to deposit funds that represented proceeds of his physician practice. Those funds included cash. The defendant took action to ensure that cash deposits did not exceed $10,000 into an account at the credit union BECU on any given day in order to evade the government reporting requirements for large cash deposits.

In December, 2009, and January, 2010, the defendant agreed to treat a patient known to him as "Kevin Murphy," an assumed name. The defendant provided three prescriptions to the patient Murphy for the pain medication OxyContin, which contains the controlled substance oxycodone. The defendant prescribed a total of 84 80 mg tablets of OxyContin containing a total of 6.72 grams of oxycodone. The defendant agrees that the three prescriptions were outside the scope of professional practice and not for a legitimate medical purpose.

The parties are free to present additional facts and circumstances to the Court. The government's presentation will include evidence that the defendant treated additional patients who obtained prescriptions for drugs containing oxycodone and other medications. The government's presentation will include evidence that those prescriptions were outside the scope of professional practice and not for a legitimate medical purpose. The government remains free to provide any other information about the offenses as provided in paragraph 13 below.

13. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute

PLEA AGREEMENT/WHETSTONE
Case No. CR 10-385 RSL - 7

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation, including but not limited to criminal charges related to the federal income tax laws. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

14. **Acceptance of Responsibility.** The United States acknowledges that if Defendant qualifies for an acceptance of responsibility adjustment pursuant to USSG § 3E1.1(a), and if the offense level is 16 or greater, his total offense level should be decreased by three levels pursuant to USSG §§ 3E1.1(a) and (b), because he has assisted the United States by timely notifying the authorities of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

15. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges in the Indictment that were previously dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that is in violation of his conditions of (examples of which include, but are not limited to: obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Agreement to file additional charges against Defendant or to seek a sentence that takes such

PLEA AGREEMENT/WHETSTONE
Case No. CR 10-385 RSL - 8

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the plea agreement.

16. **Waiver of Appeal.** As part of this Plea Agreement and on the condition that the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range that is determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

   a. any right conferred by Title 18, United States Code, Section 3742 to appeal the sentence, including any restitution order imposed; and

   b. any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

Furthermore, this waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. 2241, to address the conditions of his confinement or the decisions of the Bureau of Prisons regarding the execution of his sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

17. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter of guilty.

18. **Statute of Limitations.** In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty

PLEA AGREEMENT/WHETSTONE
Case No. CR 10-385 RSL - 9

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

(30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

19. **Completeness of Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 27th day of February, 2012.

_____
DELBERT LEE WHETSTONE
Defendant

_____
PETER K. MAIR
Attorney for Defendant

_____
MARK PARRENT
Assistant United States Attorney

_____
RICHARD E. COHEN
Assistant United States Attorney

PLEA AGREEMENT/WHETSTONE
Case No. CR 10-385 RSL - 10

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970